UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN L. WESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01587-RLW |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff John L. Wesley for leave to proceed in forma pauperis. (Docket No. 2). Upon review of the motion and the financial information submitted in support, the Court finds that plaintiff's motion should be granted. Additionally, for the reasons discussed below, plaintiff's claim under the Americans with Disabilities Act of 1990 (ADA) will be dismissed because plaintiff's sole remedy for disability discrimination is under the Rehabilitation Act of 1973 (RA). Finally, plaintiff will be directed to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff has filed a pro se employment discrimination complaint against defendant Megan J. Brennan, Postmaster General of the United States Postal Service. The complaint is on a Court-provided form. Plaintiff has checked the boxes indicating that he is bringing his lawsuit

2

pursuant to the ADA and the RA. (Docket No. 1 at 1-2). He alleges that he was discriminated against on the basis of a disability. (Docket No. 1 at 5).

Plaintiff states that he was employed by the United States Postal Service as a city carrier in the Gateway District, Saint Louis, Missouri. In January 2015, he submitted an "eReassign" request to transfer to the Midwest District, Kansas City, Missouri. Along with submitting the eReassign, he informed his supervisor and the manager of his delivery unit in Saint Louis of his intent to transfer.

Plaintiff monitored the eReassign system online to follow the status of his transfer request. When he saw that his "request was developing and there [were] no problems," he proceeded to move to the Midwest District. Upon arriving in Kansas City, plaintiff was advised that two individuals were on the list ahead of him. After hearing nothing from the eReassign coordinator for several weeks, he filed an "EEO/REDRESS" complaint, which was scheduled for a hearing in May 2015. At the hearing, plaintiff discovered that he was not selected for reassignment because of his attendance issues in the Gateway District. Plaintiff asserts that those attendance issues were due to his use of the Family and Medical Leave Act (FMLA).

Plaintiff filed a formal EEO complaint in August 2015. He states that the agency did not arrive at a final decision until sometime between April and August 2017. Plaintiff claims that he has suffered losses due to his use of the FMLA. He is seeking back wages, lost wages, court costs, attorney fees, recoup of his thrift savings plan, personal expenses associated with his move, and restoration of pay level. (Docket No. 1 at 7).

Attached to the complaint is a decision from the United States Equal Employment Opportunity Commission (EEOC). (Docket No. 1-2). The decision is an appeal from a Final Agency Decision concerning plaintiff's EEO complaint, in which plaintiff alleged employment

3

discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII). (Docket No. 1-2 at 1). The decision affirms the Final Agency Decision. (Docket No. 1-2 at 4). It also includes a right to sue provision, which is dated June 28, 2018, giving plaintiff ninety days to file a lawsuit. Plaintiff filed his complaint on September 19, 2018, approximately eighty-three days after the EEOC decision.

## Discussion

Plaintiff claims that defendant denied his transfer request based on his past usage of the FMLA. He brings this action under both the ADA and the RA. For the reasons discussed below, plaintiff's ADA claim must be dismissed. Furthermore, as his complaint is deficient, he will be directed to file an amended complaint in accordance with the instructions set forth in this order.

### A. Dismissal of ADA Claim

Congress enacted the RA as a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006). By its terms, the RA applies specifically to alleged disability discrimination by the United States Postal Service. *See* 29 U.S.C. § 794(a).

The RA and the ADA contain the same basic standards and definitions, and cases interpreting either are applicable and interchangeable. *Allison v. Dep't of Corrs.*, 94 F.3d 494,

497 (8th Cir. 1996). However, the RA "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n. 5 (8th Cir. 1999) (emphasis in original). Furthermore, the ADA does not have a federal funding requirement. *Wojewski*, 450 F.3d at 344.

As a former federal employee, plaintiff is not allowed to recover separately under the ADA. *See Loos v. Napolitano*, 665 F.Supp.2d 1054, 1058 (D. Neb. 2009) (stating that plaintiff's remedy for disability discrimination in her federal employment is the RA, and that claims under the ADA must be dismissed for failure to state a claim); *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (stating that the RA, not the ADA, "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination"); and *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (stating that postal employee had no remedy for employment discrimination under ADA because she was a federal employee; rather, her claims had to be evaluated under the RA). Because plaintiff can only recover under the RA, his claim under the ADA must be dismissed.

### B. Plaintiff Has Failed to State a Claim Under the RA

To establish a prima facie case under the RA, a plaintiff is required to show three things: (1) that he or she is a qualified individual with a disability; (2) that he or she was denied the benefits of a program or activity of a public entity that receives federal funds; and (3) that he or she was discriminated against based on his or her disability. *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004 (8th Cir. 2018). "A qualified individual with a disability is broadly defined as any person who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998).

5

Here, plaintiff has failed to establish that he is a qualified individual with a disability. His complaint contains no allegations with respect to the type of disability he has and how that manifests itself in his daily life. Rather, he makes only a vague reference to his past usage of the FMLA as a basis for defendant's alleged discrimination. This allusion to the FMLA, without more, does not demonstrate that plaintiff is a "qualified individual with a disability" for purposes of the RA. Therefore, he has failed to state a claim.

## C. Plaintiff Has Failed to Show He Has Exhausted His Administrative Remedies

Attached to plaintiff's complaint is an EEOC decision affirming a Final Agency Decision regarding plaintiff's complaint of employment discrimination. (Docket No. 1-2 at 1). The EEOC decision has a right to sue provision giving plaintiff ninety days to file a lawsuit. The decision is dated June 28, 2018. (Docket No. 1-2 at 5). Plaintiff filed his complaint on September 19, 2018, eighty-three days after the EEOC decision. Therefore, it appears that he has timely filed this lawsuit. However, it is unclear whether plaintiff has exhausted his administrative remedies.

In order to seek relief under the RA, a plaintiff must first exhaust his or her administrative remedies. *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (stating "that a plaintiff suing under the Rehabilitation Act must exhaust administrative remedies"). *See also McAlister v. Secretary of Health & Human Servs.*, 900 F.2d 157, 158 (8th Cir. 1990) ("Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer"); and *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) (explaining that the RA incorporated by reference provisions of Title VII, which require plaintiff to exhaust administrative remedies before filing a discrimination claim in court). The court must liberally construe an administrative charge for exhaustion purposes; however, a court will not invent a claim that was simply not made. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 635 (8th Cir. 2006).

The EEOC decision attached to plaintiff's complaint states that plaintiff alleged employment discrimination in violation of Title VII. This act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Title VII does not apply to disability-discrimination claims. *See Loos*, 665 F.Supp.2d at 1057. Further, there are no facts in the complaint or contained within the EEOC decision to demonstrate that plaintiff alleged employment discrimination on the basis of a disability. As such, he has not shown that he has exhausted his administrative remedies under the RA.

### D. Order to Amend

As discussed above, plaintiff's complaint is deficient in that it fails to state a claim under the RA and fails to establish that he exhausted his administrative remedies. Because plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint pursuant to the instructions set forth below.

Plaintiff should type or neatly print his complaint on a Court-provided form. In the section provided for the statement of facts, he should briefly and clearly state the essential facts of his claim. Specifically, he must allege facts establishing that he is a qualified individual with a disability and that defendant USPS has discriminated against him on the basis of that disability. Plaintiff is cautioned to avoid making unsupported conclusions. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Furthermore, plaintiff must establish that he has exhausted his administrative remedies under the RA. In other

words, he must show that he brought his claims of disability-based discrimination before the EEOC prior to filing this lawsuit.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days in which to file his amended complaint. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied at this time. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's Americans with Disabilities Act claim is **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court will be directed to provide plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 15th day of February, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE