UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN L. WESLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-01587-RLW |
| | ) |
| MEGAN J. BRENNAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff John L. Wesley's amended complaint. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant Megan J. Brennan.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On September 19, 2018, plaintiff filed a pro se complaint alleging employment discrimination against defendant Megan J. Brennan, Postmaster General of the United States Postal Service. (Docket No. 1). The complaint was on a Court-provided form and indicated that plaintiff was bringing his lawsuit pursuant to the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (Docket No. 1 at 1-2).

In his complaint, plaintiff stated that he was employed by the United States Postal Service (USPS) as a city carrier in the Gateway District, Saint Louis, Missouri. (Docket No. 1 at 5). In January 2015, he submitted an "eReassign" request to transfer to the Midwest District,

Kansas City, Missouri. Along with submitting the eReassign, he informed his supervisor and the manager of his delivery unit in Saint Louis of his intent to transfer.

Plaintiff monitored the eReassign system online to follow the status of his transfer request. When he saw that his "request was developing and there [were] no problems," he proceeded to move to the Midwest District. Upon arriving in Kansas City, plaintiff was advised that two individuals were on the list ahead of him. After hearing nothing from the eReassign coordinator for several weeks, he filed an "EEO/REDRESS" complaint, which was scheduled for a hearing in May 2015. At the hearing, plaintiff discovered that he was not selected for reassignment because of his attendance issues in the Gateway District. Plaintiff asserts that those attendance issues were due to his use of the Family and Medical Leave Act (FMLA).

Plaintiff filed a formal EEO complaint in August 2015. He stated that the agency did not arrive at a final decision until sometime between April and August 2017. Plaintiff claimed that he has suffered losses due to his use of the FMLA. He sought back wages, lost wages, court costs, attorney fees, recoup of his thrift savings plan, personal expenses associated with his move, and restoration of pay level. (Docket No. 1 at 7).

Attached to the original complaint was a decision from the United States Equal Employment Opportunity Commission (EEOC). (Docket No. 1-2). The decision indicated that plaintiff had appealed a Final Agency Decision concerning his EEO complaint, in which he alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (Docket No. 1-2 at 1). The EEOC affirmed the Final Agency Decision, noting that plaintiff had not established facts giving rise to an inference of discrimination. (Docket No. 1-2 at 3-4). It also included a right to sue provision, which was dated June 28, 2018, giving plaintiff ninety days to

file a lawsuit. Plaintiff timely filed his original complaint on September 19, 2018, approximately eighty-three days after the EEOC decision.

On February 15, 2019, the Court issued an order that dismissed plaintiff's ADA claim, because plaintiff, as a former federal employee, was not allowed to recover separately under the ADA. (Docket No. 4 at 5). Rather, the Court noted that plaintiff's federal remedy for disability-based discrimination was the RA.

The Court further directed plaintiff to file an amended complaint. (Docket No. 1 at 7). In doing so, the Court explained that plaintiff had failed to state a claim under the RA, and had also failed to demonstrate exhaustion of his administrative remedies.

Plaintiff duly complied with the Court's order by filing an amended complaint on March 7, 2019. (Docket No. 6). He later supplemented the amended complaint by filing a document titled "Memorandum for Clerk," which contains the administrative remedies that he attempted (Docket No. 7). He has also filed a supplement containing letters from the Department of Veterans Affairs, showing that he separated from active duty military service with a service-connected disability that is 30 percent or more disabling. (Docket No. 8).

### The Amended Complaint

Plaintiff brings his amended complaint pursuant to the RA and the FMLA. (Docket No. 6 at 2, 4). He states that while employed by the USPS, he requested reassignment to Kansas City, Missouri, in January 2015. (Docket No. 6 at 5). In February 2015, he arrived in Kansas City, where he learned there were two names ahead of him on the register. In May 2015, plaintiff discovered that his reassignment request had been denied due to excess FMLA usage. He asserts that his usage of the FMLA should not have constituted unacceptable attendance, which is the reason given for the denial of his reassignment. Plaintiff further alleges that he is a disabled

veteran and that he should have been allowed to compete for vacancies in the Midwest District. (Docket No. 6 at 6). If there were no vacancies, he claims he should have been given priority placement status.

Along with the amended complaint, plaintiff has filed a "Memorandum for Clerk." (Docket No. 7). This supplement includes the administrative remedies attempted by plaintiff, including documentation of ARD/REDRESS mediation; his formal EEO complaint request; his formal EEO complaint; his request for reinstatement and denial letters; and his request to withdraw EEO hearing in order to pursue a civil action. He has also filed a supplement containing documentation that supports his contention that he has a disability. (Docket No. 8). The supplement contains letters from the Department of Veterans Affairs certifying that plaintiff has a service-connected disability.

**Discussion**

Plaintiff has filed his amended complaint pursuant to the RA and the FMLA. The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006). By its terms, the RA applies specifically to alleged disability discrimination by the United States Postal Service. *See* 29 U.S.C. § 794(a). The FMLA prohibits an employer from taking any adverse action against an employee because the employee exercised a right to which he is entitled. *Beckley v. St. Luke's Episcopal-Presbyterian Hospitals*, 923 F.3d 1157, 1160 (8th Cir. 2019).

5

Here, plaintiff's amended complaint alleges that he was not allowed to compete for vacancies or given priority placement status for a vacancy based on his disability. Moreover, he states that his usage of the FMLA was wrongfully counted against him as being absent without leave, which adversely affected his ability to be reassigned. Giving the amended complaint the liberal construction to which it is entitled, these allegations are sufficient for purposes of initial review.

In order to seek relief, plaintiff must first exhaust his administrative remedies. *See Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (stating "that a plaintiff suing under the Rehabilitation Act must exhaust administrative remedies"). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff has provided a right-to-sue letter from the EEOC, giving him ninety days in which to file a lawsuit. As noted above, plaintiff timely filed his complaint within that ninety-day period. Plaintiff has also provided documentation regarding his pre-complaint mediation, his EEO complaint request, his EEO complaint, his request for reinstatement, and his request to pursue a civil action. (Docket No. 7). For purposes of initial review, it thus appears that plaintiff has exhausted his administrative remedies. Therefore, the Clerk of Court will be directed to issue process on defendant.

6

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant Megan J. Brennan, Postmaster General of the United States Postal Service, 475 L'Enfant Plaza SW, Washington, D.C. 20260-3100.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on William Barr, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Jeffrey B. Jensen, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102.

Dated this 25th day of July, 2019.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE