UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN L. WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV1587 RLW |
| ) | |
| MEGAN J. BRENNAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's letter, which the Court construes as a Motion for Appointment of Counsel (ECF No. 21).

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering Plaintiff's Motion for Appointment of Counsel, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by John L. Wesley, indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 21) is **DENIED**, without prejudice.

Dated this 23rd day of October, 2019.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE